NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

DELICIOUS DELIVERIES PHOENIX, INC. dba DELICIOUS
DELIVERIES, an Arizona corporation, *Plaintiff/Appellant*,

*v.*

BBVA COMPASS INSURANCE AGENCY, INC. dba COMPASS
INSURANCE AGENCY PHOENIX, a foreign corporation,
*Defendant/Appellee*.

No. 1 CA-CV 14-0585
FILED 2-16-2016

Appeal from the Superior Court in Maricopa County
No. CV2011-021795
The Honorable Mark H. Brain, Judge

**AFFIRMED**

COUNSEL

Jaburg Wilk, Phoenix
By Thomas S. Moring
*Counsel for Plaintiff/Appellant*

The Hassett Law Firm, P.L.C., Phoenix
By Myles P. Hassett, Julie K. Moen, Jamie A. Glasser
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge Kenton D. Jones and Judge Samuel A. Thumma joined.

---

**S W A N N**, Judge:

**¶1**         An insured asserted a negligence claim against an insurance agent based on the agent's conduct in reporting and following up on claims that the insurer ultimately denied.  We affirm the superior court's grant of summary judgment in the agent's favor.  The insured failed to produce facts sufficient to generate a triable issue regarding whether the agent owed and breached a duty of care.

## FACTS AND PROCEDURAL HISTORY

**¶2**         BBVA Compass Insurance Agency, Inc. ("Compass"), a licensed insurance producer under A.R.S. § 20-282, assisted Delicious Deliveries Phoenix, Inc. ("Delicious") in obtaining an insurance policy from Auto-Owners Insurance Company ("Auto-Owners").  Compass thereafter submitted two property-loss claims to Auto-Owners on Delicious's behalf -- one related to an alleged equipment breakdown and one related to an alleged employee theft.  Using preprinted forms, Compass provided brief descriptions of the claims (specifically, "Insd phone equipment was [out] for over 3 weeks and had significant loss as well as business interruption" and "insd employee [as named] – stole from the insd. employee dishonesty claim"), and identified available coverages and limits.

**¶3**         During the claims investigation, Compass, in response to a complaint by Delicious, asked Auto-Owners and the assigned independent adjuster for a status report on the equipment-breakdown claim.  Both Auto-Owners and the adjuster responded that the investigation was ongoing and that additional documentation was needed.  Compass replied that it had lost Delicious as a client because of the claim, that Compass and Delicious were both unhappy, and that Compass wished to discuss the employee-theft claim with Auto-Owners.  Later, Compass contacted Auto-Owners twice more; on at least one of these occasions, Compass again requested a status report.

¶4        Auto-Owners ultimately denied both claims.  Delicious then brought an action against Auto-Owners for breach of contract and the implied covenant of good faith and fair dealing, and against Compass for negligence.    The complaint alleged that Compass had violated a professional standard of care by failing to procure proper coverage, by failing to explain the policy, and by failing to "respond or assist" Delicious with its claims.  Delicious later clarified that the cause of action against Compass was limited to "[t]he actions and inactions of [Compass] in evaluating available coverage and reporting the claim[s] to [Auto-Owners]" and Compass's conduct when it "inserted itself into the process of adjusting the claim[s]."   With respect to the claims-reporting theory, Delicious asserted that Compass was negligent in its "review of the policy language and determination of what information to put in the Notice[s] of Loss," and there was "a potential problem with the timing and reporting in [the] claim[s]."  With respect to the claims-advocacy theory, Delicious asserted that Compass failed to "d[o] anything to assist its customer" when it "inserted itself into the process of adjusting the claim," and generally failed to "do a good job of it."

¶5        Compass moved for summary judgment, arguing that Delicious could not prove professional negligence because it had not disclosed an expert witness.  Delicious responded that an expert was not required because its claim was for traditional negligence, not professional negligence.  Apart from general statements of dissatisfaction, however, Delicious provided no specific explanation of the manner in which Compass was negligent in reporting the claims.   With respect to Compass's conduct during the claims-investigation period, Delicious cited an Auto-Owners employee's deposition testimony that insurance agents "[a]bsolutely" can advocate for their clients, and that such efforts may affect an insurer's coverage determination "if [the] insurance agent has additional information that . . . may change a coverage position."

¶6        After holding oral argument, the superior court entered summary judgment in favor of Compass.  Auto-Owners later prevailed on the bad faith claims after a jury trial.  Delicious's appeal is limited to the summary-judgment ruling on the negligence claims against Compass.

## DISCUSSION

¶7        We review the grant of summary judgment de novo, viewing the evidence and all reasonable inferences in the light most favorable to the non-moving party.  *Andrews v. Blake*, 205 Ariz. 236, 240, ¶ 12 (2003).  We will affirm if summary judgment is correct on any

ground. *Rowland v. Great States Ins. Co.*, 199 Ariz. 577, 581, ¶ 6 (App. 2001).

**¶8**        Summary judgment is warranted when "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). A defendant is entitled to summary judgment "if the facts produced in support of the [plaintiff's] claim . . . have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim." *Orme Sch. v. Reeves*, 166 Ariz. 301, 309 (1990).

**¶9**        To establish a negligence claim, a plaintiff must show: "(1) a duty requiring the defendant to conform to a certain standard of care; (2) a breach by the defendant of that standard; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual damages." *Gipson v. Kasey*, 214 Ariz. 141, 143, ¶ 9 (2007). Compass contends that, in view of its status as a licensed insurance producer, Delicious was required to comply with A.R.S. § 12-2602(A) and to prove its claim by expert testimony. Delicious contends that the facts it produced were sufficient.

**¶10**        We need not decide whether an expert was required because even assuming that Delicious's claim was susceptible of proof by evidence other than expert testimony, Delicious failed to produce facts sufficient to generate a triable issue of material fact with respect to the question of whether Compass breached a duty of care. In response to the motion for summary judgment, Delicious provided no facts in support of its theory that Compass was negligent with respect to the manner in which it reported the claims. Further, Delicious provided no facts in support of its theory that Compass's efforts during the claims investigation (which, as Delicious conceded at oral argument on appeal, Compass had no duty to undertake) fell below a duty of care. The deposition testimony on which Delicious relied established that an insurance agent may serve as a conduit for the factual information on which an insurer bases its coverage decisions. But Delicious did not allege that Compass failed to relay factual information to Auto-Owners; Delicious's theory was instead that Compass should have acted as a more aggressive advocate.

**¶11**        Delicious argues that facts surrounding the conduct of Compass in relaying information to the insurer and advocating for coverage go only to the question of breach of duty, not existence of the duty. With that proposition, we agree. But Delicious provided no evidence -- expert or otherwise -- that a reasonable insurance agent in Compass's position should have and would have acted differently with

respect to claims advocacy. If the record before the trial court on summary judgment in this case were deemed sufficient to generate a triable issue of fact, then no such claim could ever fail on summary judgment. It is not sufficient merely to point to the fact that coverage was denied to support an inference that an agent breached a duty -- a plaintiff must identify evidence that shows what the agent should have done or not done. A general assertion that the agent should have tried harder is not evidence of negligence.

¶12        Expert testimony identifying precise failings by Compass would no doubt have been helpful to Delicious. But no such evidence appears in this record. Moreover, even assuming that it may be possible in some cases to demonstrate with non-expert testimony that a licensed agent breached a duty of care, no such evidence appears in this record.

## CONCLUSION

¶13        For the foregoing reasons, we affirm the superior court's entry of summary judgment for Compass.



Ruth A. Willingham · Clerk of the Court
FILED: ama